## PROBABLE CAUSE IN AN ACTION FOR MALICIOUS PROSECUTION.

Court of Appeals for Hamilton County.

THE CINCINNATI, HAMILTON & DAYTON RAILWAY COMPANY v. GEORGE W. WINNES.

Decided, May 8, 1916.

1. In instructing a jury with reference to probable cause in such an action, it is the duty of the court to apply the law to the facts by telling them whether the facts which the evidence tends to establish, if found by them to exist, did or did not constitute probable cause for the prosecution.

2. It is error in such an action to refuse to give a special charge to the effect that, if the party causing the arrest in good faith laid the facts before an attorney and acted upon his advice in causing the arrest to be made, such advice is conclusive evidence of probable cause for the institution of the prosecution.

3. It is also error in such an action to refuse to give a special charge to the effect that the waiving of examination by the defendant before a justice of the peace is *prima facie* evidence of probable cause; or to refuse the special charge that the return of an indictment against the plaintiff by a grand jury is *prima facie* evidence of probable cause for the arrest.

4. And it is error to charge that if the defendant knew before the case was nollied that the charge was not well founded, his continuance in said prosecution may be regarded as evidence of actual malice for which punitive damages may be awarded, where there was no evidence that the defendant possessed such knowledge, and no explanation was given of punitive damages or of the kind of a · case in which such damages may be awarded.

*Waite & Schindel* and *Herbert Shaffer*, for plaintiff in error. *Galvin & Bauer*, contra.

JONES (E. H.), P. J.

George W. Winnes, by the consideration of the court of common pleas, recovered a judgment in the sum of $3,500 against the Cincinnati, Hamilton & Dayton Railway Company for ma-

licious prosecution, which judgment the said company by this proceeding in error seeks to have reversed. It also prays judgment of this court in its favor.

It is claimed that errors occurred during the trial in the admission and rejection of evidence, in the general charge of the court, in the action of the trial judge upon certain of the special charges requested, and that the verdict and judgment are not supported by the evidence.

There was not much difference between counsel, during oral argument here, as to the evidence on the record touching the question of probable cause.

Upon the question as to whether or no such evidence showed probable cause for the arrest of Winnes counsel disagreed, and argued ably each for his own contention as to the effect of the evidence bearing upon this all-important point. So it is in their briefs. Both quote and rely upon the same evidence in support of their diverse conclusions of law. One argues from these facts that there was probable cause as a matter of law and that nothing was left for the company in the performance of the duty it owed to itself and society but to cause the arrest of Ludlum and Winnes. The other says that "there was no circumstance in this case that would lead an ordinarily prudent person to have a reasonable belief in the guilt of the person charged with the crime." In fact, upon this phase of the case there is so little dispute over the facts that the question becomes one of law, viz.: Did Woodward, the agent of the company, in causing the arrest of Winnes have a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a belief that Winnes was guilty of the offense with which he was charged? See *Ash* v. *Marlow,* 20 O., 119; *Miles* v. *Salisbury,* 21 C. C., 333.

The guilt or innocence of Winnes is in no wise involved in this controversy. It is only a question of the information in possession of Woodward or of the company at the time of the arrest, and whether he acted thereon as would any reasonable, prudent man.

Notwithstanding the lack of essential difference upon material facts, we have carefully examined the record and have been confirmed in our impressions based on the argument that the verdict below was not supported by the evidence. There was such a correlation of circumstances, such a dove-tailing of incriminating evidence and such a logical development of suspicious acts and situations, all brought to the notice of Woodward in such a fashion as would in our opinion justify a reasonable man in taking the action complained of. The record we think shows caution and prudence on the part of the agents and employees of the railway company, and cool deliberate action free from malice. We can not say there was no evidence to support the verdict, but rather, in the language of the statute, that it is not supported by sufficient evidence. Probable cause is a mixed question of law and fact. For this reason we can not enter judgment here, but think there should be a new trial of this cause.

It therefore becomes important to notice other alleged errors occurring at the trial:

First, the failure of the court to charge whether the facts proved constituted probable cause. This may not be reversible error in this case, for the reason that it does not appear that the attention of the trial judge was called to the omission. The charge of the court was in the abstract. It gave the jury no assistance in determining what knowledge on the part of Woodward would constitute probable cause in this case.

Our view of the law is well stated by the court in *Hess* v. *Oregon Baking Co,,* 31 Ore., 503, at page 512, thus:

"Without further elaboration of this question or further special reference to authorities, it is sufficient to say that, under the adjudged cases, it is generally the duty of the trial court, in instructing juries in cases of this character, to apply the law to the facts by telling them whether the facts which the evidence tends to establish, if found by them to exist, will or not constitute probable cause for the prosecution, leaving to the jury only the question as to the existence of such facts, and that it is error to define probable cause in general terms, and to submit

to the jury the question as to whether the facts in the particular case do or do not come within such definition. The credibility of the evidence, and what facts it proves, are for the jury; but whether such facts do or do not constitute probable cause is a question exclusively for the court. The court should, therefore, by means of a hypothetical instruction, group the facts which the evidence tends to prove and instruct the jury that, if they find such facts to have been established, they must find that there was or was not probable cause."

The court was asked to give special charges, as follows, and of his refusal so to do plaintiff in error complains:

Special charge No. 8:

"The undisputed evidence in this case is that James H. Woodward, before instituting the prosecution against the plaintiff, laid the facts before a reputable attorney at law, a member of the Ohio bar, and asked his advice and was advised by said attorney that under such facts the plaintiff and E. C. Ludlum were in his opinion guilty of a crime, and that said attorney then prepared the affidavit upon which the prosecution was instituted. I therefore charge you that if you find from the evidence that said James H. Woodward in good faith laid all the facts which had come to his knowledge before said attorney and acted on his advice, such advice is conclusive evidence of probable cause for the institution of the prosecution."

Special charge No. 4:

"I charge you that the fact that the plaintiff waived examination before Justice of the Peace Vail is *prima facie* evidence that there was probable cause for the prosecution against him."

Special charge No. 9:

"I charge you that the indictment of the plaintiff by the grand jury of Warren county is *prima facie* evidence that there was probable cause for the institution of the prosecution against him."

Without citing authorities other than *Hess* v. *Oregon Baking Co.*, *supra*, we hold that the court erred in not giving these

special charges. They correctly state the law and it was the duty of the trial judge to read them to the jury before argument, as requested.

The court erred in giving special charge No. 7 requested by plaintiff:

"The jury are instructed that if you find that at the time the defendant, through its agent, James H. Woodward, if you find he was such agent, while acting within the scope of his authority, commenced this prosecution, and did not have probable cause to believe, and did not believe, the plaintiff guilty of the crime charged against him, and such person afterwards knew before said case was nolled that the charge was not well founded, his continuance in said prosecution may be considered as evidence of actual malice for which plaintiff is entitled to punitive damages in addition to the damage to which he might be entitled as compensation, if any."

This was error:

First, because there was no explanation of the term "punitive damages," nor of the kind of cases in which such damages might be awarded. *Miles* v. *Salisbury*, 21 C. C., 333.

Second, because there was no evidence showing that Woodword had any knowledge, before the case was nollied, of the innocence of the accused or that the charge was not well founded.

We find no errors except those pointed out.

Judgment reversed and cause remanded for a new trial.

JONES (Oliver B.), J., concurs; GORMAN, J., not sitting.